944 F.2d 900
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
R. Edwin BROWN, Rex L. Sturm, t/a Brown and Sturm, A
Partnership, Plaintiffs-Appellants,
v.
William B. MOORE, Personal Representative of the Estate of
William Parreco, William B. Moore, Individually,
Defendants-Appellees.
 No. 90-3192.
 United States Court of Appeals, Fourth Circuit.
 Argued May 7, 1991.
Decided Sept. 18, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, District Judge. (CA-88-1296-WN)
 Argued: Francis Nash Inglehart, Sr., Inglehart & McLaughlin, Towson, Md., for appellants; Neil Joel Dilloff, Piper & Marbury, Baltimore, Md., for appellees. On brief: Kathleen A. Ellis, Jonathan D. Smith, M. Rosewin Sweeney, Piper & Marbury, Baltimore, Md., for appellees.
 D.Md. [APPEAL AFTER REMAND FROM 900 F.2D 250].
 AFFIRMED.
 Before K.K. HALL, Circuit Judge, CHAPMAN, Senior Circuit Judge, and CLAUDE M. HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 CHAPMAN, Senior Circuit Judge:
 
 
 1
 Plaintiffs-appellants R. Edwin Brown and Rex L. Sturm (collectively, "Brown and Sturm") brought this action against William B. Moore, individually and as personal representative of William Parreco's estate, alleging, inter alia, breach of contract in connection with payment of commissions from the sale of real estate owned by Parreco. The district court granted Moore's motion for summary judgment on all five counts of Brown and Sturm's complaint. Brown and Sturm appealed. On appeal, we affirmed in part the district court's granting of summary judgment to Moore on Counts II, III and IV and reversed and remanded Counts I and V to determine whether a letter which was not in the record substantially complied with the presentment of claims requirements under Maryland law. Brown v. Moore, No. 89-1481 (4th Cir. Mar. 22, 1990). On remand, the district court granted Moore's second motion for summary judgment, and Brown and Sturm appeal. We affirm.
 
 I.
 
 2
 The facts which are set forth in this court's earlier opinion are undisputed by the parties. Brown v. Moore, No. 89-1481, slip op. at 3-6 (4th Cir. Mar. 22, 1990). This case involves a real estate transaction which occurred in 1984. At that time, Brown, a lawyer with the law firm of Brown and Sturm, was acting as Parreco's agent, and Parreco had signed an agreement whereby Brown was to be compensated at the rate of eight percent (8%) of revenues received from the sale of Parreco's land. In January 1986, Parreco died, and thereafter a dispute arose between Brown and Sturm and Moore regarding Brown's compensation.
 
 
 3
 Moore notified Brown of his appointment as personal representative on February 12, 1986. On March 6, 1986, Brown mailed a letter to Moore discussing his compensation. The issue on remand was whether this letter substantially complied with the requirements of Maryland probate law for the filing of claims against a decedent's estate. On remand, the district court held that Brown's letter was not in substantial compliance with the presentment of claims requirements under Maryland law. Alternatively, the district court held that regardless of whether the claim had been timely filed, Brown was barred because he failed to file a petition in the probate court or file suit within sixty days of the alleged denial of his claim as required by Maryland law. Brown appeals.
 
 
 4
 Summary judgment is proper where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We review the district court's grant of summary judgment de novo, viewing all evidence in the light most favorable to Brown and Sturm. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988); Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir.1985). Having done so, we find no genuine issues of material fact and we affirm the district court's order that the defendant is entitled to judgment as a matter of law.
 
 II.
 
 5
 Under the probate laws of Maryland, for a claim to be made against an estate during its administration, "the procedures of section 8-104 shall be followed." Md.Est. & Trusts Code Ann. section 8-101(b) (1974). Section 8-104(b)--(d) provide three methods by which a claim may be presented against an estate. Regardless of the method used, the presentation must be made within six months from the date of the appointment of the personal representative. Id. at § 8-103(a). The only method by which Brown and Sturm could qualify is § 8104(b) which provides:
 
 
 6
 (b) Delivery to the Personal Representative.--The claimant may deliver or mail to the personal representative a verified written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed.... The failure of the claimant to comply with the provisions of this section or with the reasonable requests of the personal representative for additional information may be a basis for disallowance of a claim in the discretion of the court.
 
 
 7
 The Maryland courts have held that the use of the term "may" throughout section 8-104(b) indicates that the specific manner of presentment is permissive and that a claimant need only "substantially compl[y] with the requirements of section 8-104(b) and provid[e] the personal representative with timely notice of the nature of the claim." Lowery v. Hairston, 73 Md.App. 189, 197, 533 A.2d 922, 927 & n. 2 (1987). Thus, the issue before the district court was whether Brown and Sturm substantially complied.
 
 
 8
 Brown and Sturm, relying on Lowery, urges that the district court erred in finding that Brown's letter of March 6, 1986 to Moore was not a valid presentment of a claim under section 8-104(b). The pertinent paragraphs of that letter state:
 
 
 9
 I enclose, herewith, a photocopy of a real estate contract which we negotiated on Mr. Parreco's behalf, and also a photocopy of our representation contract with him. We made a remittance to Mr. Parreco in January before his death for the quarterly interest payment on the note and the option payments for the last quarter. The April remittance will be made to you as Personal Representative.
 
 
 10
 Section 8-104(b) provides that the presentation of a claim should be a verified written statement of the claim indicating (1) the basis of the claim; (2) the name and address of the claimant; and (3) the amount claimed. In Lowery, the claimants directly and through their counsel submitted three separate communications that were delivered to the personal representative. Each letter categorically indicated that the claimants were ready, willing and able to complete a sale on certain realty. Those communications, although unverified, set forth the basis of the claim and the basis for determining the amount of the claim. Lowery, 73 Md.App. at 192-94, 533 A.2d at 924-25.
 
 
 11
 As we stated in our earlier opinion, "Lowery clearly teaches us that the failure to verify and to include certain information [does] not render Brown and Sturm's letter insufficient per se under Section 8104(b), so long as substantial compliance [is] shown." Slip op. at 7. Thus, the fact that Brown's letter was not verified does not, in and of itself, make the letter insufficient. However, Brown's letter failed to state the basis of the claim, did not include the amount claimed, the date when it would become due, nor the nature of any contingencies. The absence of these facts distinguishes this case from Lowery. We agree with the district court that Brown's letter lacked the required information to advise Moore of the nature and amount of the claim and accordingly was not in substantial compliance with section 8104(b).*
 
 
 12
 Based on the foregoing reasons, the district court's grant of Moore's motion for summary judgment is affirmed.
 
 
 13
 Brown and Sturm's motions for leave to file an addendum to the appendix and to supplement the record are denied.
 
 
 14
 AFFIRMED.
 
 
 15
 CLAUDE M. HILTON, District Judge, joins.
 
 
 16
 K.K. HALL, Circuit Judge, dissents.
 
 K.K. HALL, Circuit Judge, dissenting:
 
 17
 The majority elevates form over substance in holding that Brown and Sturm's letter to Moore did not "substantially comply with" the statutory notice provisions governing claims against estates. Because I believe the March 6, 1986, letter to the personal representative, together with the subsequent remission of land payments, clearly satisfied the statutory notice requirements, I respectfully dissent.
 
 I.
 
 18
 The majority states that the March 6 letter "failed to state the basis of the claim, did not include the amount claimed, the date when it would become due, and the nature of any contingencies." Slip op. at 5. Thus, the majority concludes that the letter "lacked the required information to advise Moore of the nature and amount of the claim...." Id. I am unable to comprehend how the "nature and amount of the claim" could have been conveyed to the personal representative more clearly than by the inclusion of a copy of the sales contract, a copy of the fee-commission agreement with the decedent, and an accounting of payments already made and commissions retained. The sales contract between Great Seneca and Parreco contained a sales price; the fee agreement between Parreco and appellants provided that the law firm would retain 8% of all payments from Great Seneca as a commission; and the accounting showed that Brown and Sturm had, as of March 6, 1987, received payments from Great Seneca totalling $470,000 and that the law firm had retained 8% of this amount ($30,400). Within the statutory six-month period in which claims could be filed, February 5 through August 5, 1986, Brown and Sturm remitted six additional payments to Moore after deducting additional commissions totalling $6,800. The basis of the claim was the feecommission contract between Parreco and the law firm, and the amount claimed was 8% of all amounts due from Great Seneca pursuant to its sales contract with the decedent. The dates payments were due and nature of any contingencies were spelled out in these two agreements. A "formal" claim could have added no information whatsoever that was not included in these documents.
 
 
 19
 The majority correctly cites Lowery v. Hairston, 73 Md.App. 186 (1987), for the proposition that the specific manner of making a claim is permissive. The facts of Lowery, however, mirror those in the instant case. In that case, the Lowerys had entered into an option agreement to buy a designated piece of property from Harris. The agreement provided for a price of $3,000 per acre "as determined by future survey." The agreement also required that the option be exercised within thirty days after notice from Harris or from the personal representative that Harris had died.
 
 
 20
 Harris died shortly thereafter. A few weeks after appointment of Hairston as personal representative, Hugh Lowery sent him a letter stating that he intended to exercise the option, and that he was willing and able to complete the sale after a survey had been performed. Hairston failed to respond. Within the statutory six month period for filing claims, the Lowerys' lawyer wrote two letters to Hairston to the same effect, i.e., that his clients were still willing and able to proceed with the settlement. Hairston, however, refused to settle, and the Lowerys sued.
 
 
 21
 The Maryland court held that the Lowerys' letter, together with their lawyer's two letters, "substantially complied with the requirements of § 8-104(b) and provided the personal representative with timely notice of the nature of the claim." Id. at 197. To underscore the liberality of the statutory scheme, the court added a footnote pointing out that, in addition to the non-mandatory nature of the provisions setting forth the forms of claims, the statute also provides that " 'failure to comply with the provisions of this section ... may be a basis of disallowance of a claim in the discretion of the court.' " (emphasis added by court). Id. n. 2.
 
 
 22
 Lowery teaches that Maryland's legislative decision, as interpreted by a Maryland court, is that claimants should not be held to formalistic requirements. I would hold that, as a matter of law, the March 6 letter and attachments, together with the additional remittances minus-commissions forwarded to Moore after his appointment and within the period for filing claims, constitute "substantial compliance" with Md.Est. & Trusts Code Ann. § 8-104(b) (1974).
 
 II.
 
 23
 The majority's decision to affirm on the basis that no claim was timely filed obviates the necessity of reaching the alternative ground for granting summary judgment. The district court held that, even if Brown and Sturm did file a timely claim, they failed to timely file a civil action to contest the rejection of their claim. Inasmuch as I would decide that the appellants did file a timely claim, I must also address this alternative basis for the decision below.
 
 
 24
 On February 1, 1988, the Register of Wills for Talbot County sent a letter to Brown and Sturm notifying them that the formal claim filed in December, 1987, was being disallowed as untimely.[1] Brown and Sturm commenced the instant action in May, 1988, and the district court held that the claim was barred under Md.Est. & Trusts Code § 8-107 (1991)[2] because the court action was not filed within sixty days of the disallowance.
 
 
 25
 The purported "disallowance" is an inappropriate commencement of the sixty-day period for two reasons. First, the notice was from the Register of Wills and not from the personal representative. Second, the notice failed to contain the statutorily mandated warning concerning the sixty-day time limitation.[3] Cf. Lowery v. Hairston, 73 Md.App. at 198-99 (disallowance by personal representative must clearly reject a claim).
 
 
 26
 I would reverse the district court order granting summary judgment to Moore and remand for further proceedings.
 
 
 
 *
 Because we find that the district court correctly found that Brown and Sturm did not satisfy the presentment of claims requirements of section 8104(b) of the Maryland Code, we need not address the district court's alternate ground for granting summary judgment
 
 
 [1]
 On December 6, 1987, Moore wrote to Brown and Sturm informing them that the estate would pay only the "reasonable value" of services rendered to Parreco prior to his death. This letter, apparently the first response from Moore since the law firm's letter of March 6, 1986, apparently prompted the "formal" filing with the Register of Wills. See Md.Est. & Trusts Code § 8104(c) (1974)
 
 
 [2]
 Section 8-107(b) reads in full:
 (b) Disallowance of claim.--If the claim is disallowed in whole or in a stated amount, the claimant is forever barred to the extent of the disallowance unless he files a petition for allowance in the court or commences an action against the personal representative or against one or more of the persons to whom property has been distributed. The action shall be commenced within 60 days after the mailing of notice by the personal representative. The notice shall warn the claimant concerning the time limitation.
 
 
 [3]
 Another candidate for the commencement of the sixty-day period is December 6, 1987, the date on which Moore forwarded a letter to Brown and Sturm. See, supra, note 1. Again, however, this letter failed to contain the warning concerning the time limitation